# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

STEPHON BUTLER,

                    Plaintiff,

    v.

MATTHEW CATE, et al.,

                    Defendants.

_____/

CASE NO. 1:09-cv-01544-OWW-SKO PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING ACTION PROCEED
ONLY ON EQUAL PROTECTION CLAIM
AGAINST DEFENDANT ESQUER

(Doc. 11)

THIRTY-DAY OBJECTION DEADLINE

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement and Standard**

      Plaintiff Stephon Butler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 27, 2009.  On February 18, 2010, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state any claims under section 1983.  Pending before the Court is Plaintiff's amended complaint, filed March 17, 2010.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1]  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

---

[1] Plaintiff was incarcerated when he filed suit.

1

1    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3    claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4          A complaint must contain "a short and plain statement of the claim showing that the pleader

5    is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

6    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7    do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell

8    Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required

9    to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

10   2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,

11   legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

12         To state a claim, Plaintiff must demonstrate that each defendant personally participated in

13   the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations

14   sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

15   Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

16   meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

17   **II.    Summary of Amended Complaint**

18         **A.    Allegations**

19         Plaintiff brings this suit against California Department of Corrections and Rehabilitation

20   (CDCR) Secretary Matthew Cate, former Sierra Conservation Center (SCC) Warden Ivan Clay,

21   Correctional Counselor T. Esquer, Chief Deputy Warden F. X. Smith, and Appeals Coordinator

22   Semsen based on events which occurred during the time he was incarcerated at SCC, which is in

23   Jamestown, California.  Plaintiff's allegations suggest he is pursuing claims for violation of the Due

24   Process and Equal Protections Clauses of the Fourteenth Amendment.

25         Plaintiff alleges that during his classification committee hearing at SCC on January 28, 2009,

26   Defendant Esquer insisted that Plaintiff be classified with a "P," which is a violence designation

27   code.  Defendant Esquer relied upon a probation report in which Plaintiff's co-defendant made

28   comments that were later proven to be lies and found to be false by a jury.  Plaintiff was not

convicted of inflicting bodily injury on the victim of his crime, and Captain Overstreet briefly tried to persuade Defendant Esquer to consider the facts.  In insisting Plaintiff receive a "P" code for violence, Defendant Esquer stated, "Look at him," referring to Plaintiff's physical appearance. Plaintiff alleges that he is black, bald, 6'3, and 300 pounds.

As a result of the "P" code, Plaintiff was ineligible for the fire camp program, for which he was otherwise deemed eligible and which would have allowed him to reduce his sentence.[2]  Plaintiff alleges that Defendant Esquer violated CDCR policy and procedure, which provided that only inmates convicted of a violent or serious felony or of a rules violation for violence may be subject to a "P" code, none of which applied to Plaintiff.  Plaintiff also alleges that he learned Defendant Esquer frequently assigned black inmates a "P" code while white inmates with worse, more violent criminal convictions, were not assigned a "P" code.

**B.    Due Process Claim**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

///

---

[2] Although Plaintiff refers only to "camp program" in his amended complaint, the Court takes judicial notice of his original complaint, in which he alleges he was denied participation in the fire camp program.

1    Plaintiff does not have a liberty interest in earning work time credits, Toussaint v. McCarthy,

2  801 F.2d 1080, 1094-95 (9th Cir. 1986), abrogated in part by Sandin, 515 U.S. 472 (1995), or in

3  participating in vocational or other rehabilitative programs, Sandin, 515 U.S. at 484; Coakley v.

4  Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

5  Because Plaintiff does not have a protected liberty interest in earning time credits or in participating

6  in the fire camp program, he fails to state a cognizable due process of law.

7    **C.    Equal Protection Claim**

8    The Equal Protection Clause requires that persons who are similarly situated be treated alike.

9  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur

10  v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by

11  showing that Defendants intentionally discriminated against Plaintiff based on his membership in

12  a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03

13  (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles,

14  250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

15  differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon

16  Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook

17  v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580,

18  592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

19    The Court finds that Plaintiff's allegations are sufficient to support the claim that Defendant

20  Esquer intentionally discriminated against Plaintiff based on his race.  However, Plaintiff's

21  allegations do not support a claim against Defendants Cate, Clay, Smith, and Semsen.  The amended

22  complaint is devoid of any facts showing that Defendants Cate, Clay, Smith, and Semsen were

23  personally involved in intentionally discriminating against Plaintiff, and Plaintiff may not impose

24  liability on them either under a theory of *respondeat superior* or based on their involvement in

25  administratively reviewing his inmate appeal of the assessment of the "P" code.[3]  Iqbal, 129 S.Ct.

26  at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

27

28    [3] Plaintiff does not specify the precise grounds for liability, but given Defendants' positions, the Court infers
that the bases are their positions of authority within CDCR and/or their involvement in reviewing his inmate appeal.

### III.   Conclusion and Recommendation

Plaintiff's amended complaint states a cognizable equal protection claim against Defendant Esquer, but it does not state a due process or any claims against Defendants Cate, Clay, Smith, and Semsen.  Plaintiff was previously provided with notice of the deficiencies in his claims and leave to amend, and based on the record, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's amended complaint, filed March 17, 2010, against Defendant Esquer on Plaintiff's equal protection claim;

2.      Plaintiff's due process claim be dismissed, with prejudice, for failure to state a claim under section 1983; and

3.      Defendants Cate, Clay, Smith, and Semsen be dismissed from this action based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    May 6, 2011   **                        **   /s/ Sheila K. Oberto   **
                                                     UNITED STATES MAGISTRATE JUDGE

5